# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNSEL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, and MIKE SHALES, JOHN BRYAN SR., AL OROSZ, DAN BREJC, TOBY KOTH, and VERN BAUMAN, Trustees on behalf of the FOX VALLEY LABORERS' HEALTH AND WELFARE FUND AND THE FOX VALLEY LABORERS' PENSION FUND,<br><br>Plaintiffs,<br>v.<br><br>J&S CONSTRUCTION SEWER AND WATER, INC.,<br><br>Defendant. | No. 11 C 6685<br><br>Hon. George W. Lindberg |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiffs' amended motion and memorandum in support of motion for summary judgment. For the reasons set forth more fully below, the amended motion for summary judgment is granted and judgment is entered in favor of the Chicago Funds in the amount of $60,024.45. That figure includes outstanding principal contributions for January 1, 2011 through January 31, 2012 in the amount of $46,153.28; liquidated damages in the amount of $8,890.47; accumulated liquidated damages in the amount of $2,578.53; and interest in the amount of $2,402.17. Judgment is entered in favor of the Fox Valley Funds in the amount of $153,968.41. That figure includes outstanding principal contributions for January 1, 2011 through January 31, 2012 in the amount of $106,989.46; liquidated damages in the amount of

$31,235.15; and interest in the amount of $15,743.80.

Plaintiffs Laborers' Pension and Welfare Funds and James S. Jorgensen (collectively the "Chicago Funds") and the Fox Valley Pension and Welfare Funds and its Trustees (collectively the "Fox Valley Funds") initiated this case against defendant J&S Construction Sewer and Water, Inc. ("J&S") pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132, 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, to collect delinquent employee benefit fund contributions and union dues under a collective bargaining agreement.

By agreement of the parties, plaintiffs filed their joint amended motion for summary judgment on March 28, 2012. In support of that motion, plaintiffs also filed an amended Local Rule ("LR") 56.1 statement of material facts. J&S filed its response brief and response to plaintiffs' LR 56.1 statement on April 6, 2012. In its response to plaintiffs' LR 56.1 statement, J&S did not cite to any affidavits, parts of the record, or other supporting material. Facts denied without citing record evidence are deemed admitted. *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000). Additionally, a number of J&S's answers were not responsive. "Saying that a document 'speaks for itself' is not a denial under Local Rule 56.1(b)(3)." *Henderson v. Bovis Lend Lease, Inc.*, 2012 WL 254247 at *1, Case No. 10 C 4402 (N.D.Ill. 2012). Accordingly, plaintiffs' LR 56.1 statement of material facts is deemed admitted in its entirety. *See* L.R. 56.1(b)(3)(B); *Sprandel v. Draper and Kramer, Inc.*, 165 F.Supp.2d 780, 782 (N.D.Ill. 2001). J&S did not file a statement of additional facts, so plaintiffs' proposed facts are the only facts before the Court and control the resolution of this motion.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, this Court "may not weigh the evidence or engage in fact-finding but should simply determine whether there is a genuine issue for trial." *Hasan v. Foley & Lardner LLP*, 552 F.3d 520, 527 (7th Cir. 2008). As stated above, plaintiffs' facts are deemed admitted in their entirety. Accordingly, there is no genuine issue as to any material facts. Further, plaintiffs have established that they are entitled to judgment as a matter of law. J&S's response brief in opposition to the instant motion was only five pages long and the "argument" section is less than one page. J&S's response brief was limited to unsupported conclusions and did not raise any issues that would preclude the entry of summary judgment in plaintiffs' favor.

The fund plaintiffs have established that they are multiemployer benefit funds within the meanings of Section 3(3) and 3(37) of ERISA, 29 U.S.C. § 1002(3) and 37(A). J&S is an Illinois corporation doing business within the Northern District of Illinois and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

J&S is a party to a collective bargaining agreement ("agreement") dated June 30, 2003, with the Construction and General Laborers District Counsel of Chicago and Vicinity and/or its affiliated Local ("Union"). The agreement obligates J&S to make contributions to the plaintiff funds on behalf of its employees covered by the agreement for pension benefits and health and welfare benefits, and to other benefit funds and labor-management funds. The agreement also requires J&S to submit monthly remittance reports. In those reports, J&S must identify the

employees covered under the agreement and the amount of contributions remitted, or owed to the funds, on behalf of each covered employee. The agreement also obligates J&S to deduct Union dues from the wages of its employees covered by the agreement, and to remit those dues to the Union.

The agreement to which J&S is bound requires J&S to pay liquidated damages in the amount of twenty percent of the principal amount of delinquent contributions. The Chicago Funds have been authorized by the Construction and General Laborers' District Counsel of Chicago and Vicinity Training Fund ("Training Fund"), the Laborers' Employers' Cooperation & Education Trust ("LECET"), the Construction Industry Services Corporation ("CISCO"), Laborers' District Counsel Labor Management Cooperation Committee ("LDCLMCC"); and Mid-America Regional Bargaining Association ("MARBA") to act as their agent in the collection of contributions due to those funds and for the purposes of collecting union dues deducted from employees' wages. The Fox Valley Funds have been duly authorized by the Construction and General Laborers' District Counsel of Fox Valley and Vicinity Training Fund ("Training Fund"), the Industry Advancement Fund ("IAF"), and the Construction Industry Service Corporation ("CISCO") to act as their agent in the collection of contributions due to those funds and for the purposes of collecting union dues deducted from employees' wages.

The Chicago Funds require J&S to pay liquidated damages at twenty percent for the Welfare, Pension, Training, MARBA and CISCO funds when matters require litigation for collection and when contributions are disclosed pursuant to an audit review. J&S must pay liquidated damages at ten percent of the principal amount of delinquent contributions to the ancillary funds such as LDCLMCC and LECET, and for union dues. The Fox Valley Funds

require liquidated damages to be paid at twenty percent when matters require litigation for collection.

The agreement sets forth the amount of interest owed to each fund. Interest is owed to the Chicago Funds at a rate of twelve percent, on all delinquent amounts owed from the date of delinquency forward. The Fox Valley Funds are owed interest at a rate of two percent compounded monthly on all delinquencies from the date such contributions were due until receipt. The agreement applicable to J&S also holds delinquent employers such as J&S liable for attorneys' fees and for all reasonable costs incurred in the collection process, including court fees.

On December 7, 2011, this Court ordered J&S to submit remittance reports to plaintiffs for January 2011 through November 2011. J&S complied with that order on December 9, 2011. J&S also subsequently provided plaintiffs with remittance reports for December 2011 and January 2012. Plaintiffs used the remittance reports from J&S to calculate the contributions and dues J&S owed for 2011 and January 2012. The Funds are entitled to rely on J&S's remittance reports and accounting summaries as evidence of amounts due to the Funds and are entitled to judgment based on that evidence. *Chicago Dist. Council of Carpenters Pension Fund v. Reinke Insulation Co.*, 347 F.3d 262, 264-65 (7th Cir. 2003). Based on the remittance reports from J&S, plaintiffs calculated J&S's total outstanding balance figure. Plaintiffs then deducted all payments they received from J&S and general contractors from the outstanding balance figure. After applying all the funds they received, plaintiffs then calculated liquidated damages for amounts that were paid late, or not paid at all.

According to plaintiffs' calculations, which were based on J&S's remittance reports and

deemed admitted, J&S owes principal contributions to the Chicago Funds in the amount of $46,153.28. J&S also owes the Chicago Funds liquidated damages in the amount of $8,890.47, accumulated liquidated damages in the amount of $2,578.53; and interest in the amount of $2,402.17. J&S owes principal contributions to the Fox Valley Funds in the amount of $106,989.46. J&S also owes the Fox Valley Funds liquidated damages in the amount of $31,235.15; and interest in the amount of $15,743.80.

**ORDERED:** Plaintiffs' amended motion and memorandum in support of motion for summary judgment [28] is granted. Judgment is entered in favor of the Chicago Funds and against J&S Construction Sewer and Water, Inc. in the amount of $60,024.45. That figure includes outstanding principal contributions for January 1, 2011 through January 31, 2012 in the amount of $46,153.28; liquidated damages in the amount of $8,890.47; accumulated liquidated damages in the amount of $2,578.53; and interest in the amount of $2,402.17. Judgment is entered in favor of the Fox Valley Funds and against J&S Construction Sewer and Water, Inc. in the amount of $153,968.41. That figure includes outstanding principal contributions for January 1, 2011 through January 31, 2012 in the amount of $106,989.46; liquidated damages in the amount of $31,235.15; and interest in the amount of $15,743.80. All matters pending before the Court having been resolved, this civil case is terminated. No appearance required on 5/16/12.

Entered: _____
George W. Lindberg
Senior U.S. District Court Judge

Dated: April 17, 2012